UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIKE MIKHA NAGARA,<br><br>Defendant. | Case No. 2:02-cr-00241-LRH-(RJJ) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIKE MIKHA NAGARA,<br><br>Defendant. | Case No. 2:18-cr-00103-(JAD-CWH)<br><br>ORDER |

The defendant, Mike Mikha Nagara, was sentenced by the court in the 2:02-cr-00241 case ("241 case") on August 9, 2004, at which time the court granted a motion for downward departure from the applicable sentencing guidelines of four levels, from an offense level 35 at 168 to 210 months' imprisonment down to an offense level 31 at 108 to 135 months' imprisonment.[1] In relative part, the court sentenced the defendant to

---
[1] The defendant's conviction for Possession of a Listed Chemical involved aggravated facts and Nagara was exposed to a maximum prison sentence of up to 20 years. In the underlying undercover drug investigation, Nagara was identified as a major dealer of pseudoephedrine, the principal active ingredient

1

1  108 months' imprisonment. The defense requested that the defendant be allowed to
2  self-surrender. The court granted the request for self-surrender, but stated that if for any
3  reason defendant should fail to appear for surrender at the ordered time or somehow be
4  less than fully cooperative in connection with his self-surrender, that this matter would
5  be returned to the court for resentencing because the condition of granting of the motion
6  for downward departure would have been violated. The court ordered that the defendant
7  surrender for service of sentence before noon on Friday, November 12, 2004. ECF No.
8  51. Thereafter, not only did the defendant fail to surrender, but he obviously fled from
9  authorities and was not discovered and arrested until over thirteen years later, on
10 January 23, 2018.

Based on the above history in the 241 case, the court ordered the defendant to show cause why the court should not vacate the prison portion of his sentence of 108 months' imprisonment and conduct a re-sentencing in consideration of the originally applicable sentencing guideline range of 168 to 210 months. ECF No. 77. The defense has filed its response (ECF No. 78) and the government has filed its reply (ECF No. 80). The court further requested the Probation Office to prepare an updated Presentence Investigation Report in the 241 case as may reasonably bear upon re-sentencing considerations and such a report has been prepared.

The defense has challenged the jurisdiction of the court to re-impose sentence in the 241 case following the court's favorable sentence which was conditioned upon timely self-surrender. The government has since obtained an indictment against the defendant in *United States v. Mike Mikha Nagara*, case number 2:18-cr-00103-JAD-CWH, charging him with the felony offense of failure to surrender for service of sentence and trial is scheduled this fall.

///

---

used to manufacture methamphetamine. The defendant represented that he could sell 3.5 million dollars' worth of pseudoephedrine to undercover officers in Las Vegas, a sale was negotiated for $560,000 worth of the drug (over 13.5 million tablets) and following Nagara's arrest, nearly 300 kilograms of the drug was seized with a street value well in excess of $1 million.

It appears that, notwithstanding the aggravated nature of the violation of the terms upon which defendant was given a reduced sentence in this action, the new case for failure to surrender may be the most appropriate manner in which to address the sentencing considerations which may be appropriate for defendant Nagara. *See* 18 U.S.C. ¶3582(c); *Dillon v. United States*, 560 U.S. 817 (2010); *United States of America v. Raymond Ochoa*, 809 Fed. 3d 453 (2015).

Good cause appearing, IT IS HEREBY ORDERED that defendant's 108-month sentence imposed against Nagara in the 241 case is hereby confirmed, and subject to his detention and prosecution on the recent failure to surrender charge, that he is ordered to serve the 108-month sentence;

IT IS FURTHER ORDERED that a copy of this order be filed in case number 2:18-cr-00103-JAD-CWH, along with the August 9, 2004, transcript of imposition of sentence in the 241 case, and along with a sealed copy of the updated Presentence Investigation Report prepared by the Probation Office in the 241 case pursuant to the court's Order to Show Cause (ECF No. 77).

IT IS SO ORDERED.

DATED this 10th day of July, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE